# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

DANIEL FLOYD RIVERS,
                Appellant,

         v.

OFFICE OF PERSONNEL
   MANAGEMENT,
                Agency.

DOCKET NUMBER
AT-0845-14-0673-I-1

DATE: February 6, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Daniel Floyd Rivers, Burton, South Carolina, pro se.

Christopher H. Ziebarth, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM's) final decision denying the appellant's request to waive interest due on the redeposit of previously withdrawn retirement contributions.  Generally, we grant petitions such as this

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The appellant worked for the Department of the Navy from May 1984 to June 1986.  Initial Appeal File (IAF), Tab 5 at 25, 33.  After his resignation, he applied for and received a refund of his retirement deductions in the amount of $626.53.  *See id.* at 16.  In 1987, the appellant returned to federal service and eventually sought to redeposit the withdrawn retirement deductions.  *See id.* at 14-16, 32.  In June 1995, OPM informed the appellant that he had to redeposit $60.00 in order to receive service credit for his 2 years of service with the Department of the Navy.  *See* IAF, Tab 3 at 7; *see also* IAF, Tab 5 at 14-15.  Nearly a year later, on April 23, 1996, the appellant submitted a $60.00 redeposit to OPM.  *See* IAF, Tab 3 at 8-9.  In September 2010, OPM informed the appellant that he owed an additional $4.00 in unpaid interest that had accrued since he did not pay the $60.00 by December 31, 1995.  *Id.* at 12.  Shortly thereafter, the

appellant submitted payment for $4.20, and OPM informed the appellant's employing agency that the appellant's account was paid in full. *Id.* at 10-11.

¶3 Believing that he had successfully refunded his civil service retirement account, the appellant retired from federal service on January 11, 2014. *See* IAF, Tab 5 at 21. In March 2014, OPM informed the appellant that it had incorrectly calculated his redeposit and that he owed an additional $2,593 in order to receive credit for his service from 1984 to 1986.[2] *Id.* at 13-15. The appellant paid the full amount in April 2014, but requested that OPM waive the interest as OPM was responsible for the miscalculations. IAF, Tab 1. In an April 14, 2014 final decision, OPM denied the appellant's request. IAF, Tab 5 at 10.

¶4 The appellant timely appealed OPM's decision, arguing that the interest had accrued due to OPM's error and that it should be waived. *See* IAF, Tab 1 at 4-5, 7. In response, OPM acknowledged that it had miscalculated the redeposit amount but asserted that the payment of interest under these circumstances is a statutory requirement that cannot be waived. IAF, Tab 5 at 4-5. Subsequent to a telephonic prehearing conference, the appellant filed an additional pleading requesting that the date through which the interest was calculated be adjusted from June 30, 2011, to June 1, 1995, the date of his initial request to redeposit his withdrawn retirement deductions. IAF, Tabs 9-10. The administrative judge affirmed OPM's decision, finding no basis to waive the interest requirement for the redeposit or to stop the accrual of interest sooner. IAF, Tab 13, Initial Decision (ID).

¶5 On petition for review, the appellant reiterates his argument that OPM should waive the interest that accrued after the date of his original request to redeposit the withdrawn retirement deductions in 1995, complains about the

---

[2] OPM derived the total amount due by combining the amount of the appellant's withdrawn retirement contributions for the 1984-1986 time period ($626.53), plus interest accrued from November 12, 1986, through June 30, 2011 ($2030.80), minus what the appellant had already paid ($64.20). IAF, Tab 5 at 13, 16-20.

burden being placed on him, and challenges the administrative judge's statement that interest would not have accrued if the appellant had paid the $60.00 by December 31, 1995, because he was never informed that the $60.00 was due by any particular date. *See* Petition for Review (PFR) File, Tab 1. The agency has responded in opposition. PFR File, Tab 4.

¶6        We have considered the appellant's arguments but find that they present no reason to disturb the administrative judge's well-reasoned findings. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings where he considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *see also Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). As the administrative judge explained, the payment of interest on a redeposit is a statutory requirement, and there is no law, rule, or regulation that would allow OPM the discretion to waive the payment of interest. ID at 3 (citing 5 U.S.C. § 8334(d)(1)). The administrative judge also correctly rejected the appellant's argument that interest should be waived based on equitable considerations, noting that "the doctrine of equitable estoppel cannot be used to pay a retirement benefit from the Federal Treasury that is contrary to a statutory appropriation because the payment would violate the Appropriations Clause of the Constitution." ID at 3 (citing *Office of Personnel Management v. Richmond*, 496 U.S. 414, 416-17 (1990)). Lastly, to the extent that the initial decision may be interpreted as suggesting that payment of $60.00 by December 31, 1995, would have prevented any further interest from accruing, we note that such interpretation is incorrect. *See* ID at 4; PFR File, Tab 1 at 2. Even if the appellant had promptly paid the $60.00 as advised by OPM, the additional $4.00 of interest would not have accrued, but the interest on the remaining amount of the unpaid redeposit would have continued to accrue until the appellant repaid the entire amount of the redeposit—$626.53—plus interest.

¶7      Thus, as the administrative judge expressed, we are sympathetic to the appellant's situation, but there is no remedy available that would allow for waiver or reduction of the amount of interest owed.  Therefore, we DENY the petition for review.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.